Plaintiff:
Timothy Elgin
31 Rocton Place
Bridgeport, CT 06606
Phone: (475)265-0336
Email: SomethingWolfyTraining@gmail.com

Complaint

v.

Defendants:
Governor Ned Lamont (in his official capacity)
Commissioner Katherine Dykes (CT DEEP)
U.S. Army Corps of Engineers
Environmental Protection Agency (EPA)
U.S. Fish and Wildlife Service
National Oceanic and Atmospheric Administration (NOAA)

CAUSES OF ACTION
Plaintiff, Timothy Elgin, asserts the following causes of action against the defendants:

Count 1: Violation of the Clean Water Act (33 U.S.C. §1351)
Defendants authorized or failed to prevent the discharge of hazardous chemical herbicides into navigable waters of the United States without valid permits, proper public input, or mitigation strategies, directly violating Section 402 of the Clean Water Act.

Count 2: Violation of the Safe Drinking Water Act (42 U.S.C. §3001 et seq.)
Defendants failed to ensure that public drinking water sources would remain free from known toxins including phthalates, dioxane, acrylamide, and fluorinated herbicides. These omissions represent a breach of duties under the SDWA to protect human health.

Count 3: Violation of the National Environmental Policy Act (42 U.S.C. §4321)
Defendants failed to conduct a full Environmental Impact Statement (EIS) prior to implementing the statewide chemical treatment program, denying the public the opportunity for informed input and violating the procedural safeguards of NEPA.

Count 4: Violation of the Public Trust Doctrine (Connecticut Common Law)
The waterways of Connecticut are held in trust by the state for the benefit of its people. The authorization of mass chemical applications constitutes a breach of that trust and places future generations at risk.

Count 5: Violation of the Fourteenth Amendment – Due Process Clause
The U.S. Constitution guarantees life, liberty, and property shall not be deprived without due process. Defendants' failure to inform or gain consent from Connecticut residents before introducing carcinogenic substances into shared water systems violates these rights.

Count 6: Violation of Executive Order 12898 – Environmental Justice
Defendants failed to comply with federal environmental justice policy by exposing historically marginalized and economically disadvantaged communities—especially in urban areas like Bridgeport—to disproportionate environmental health risks.

Count 7: Breach of Fiduciary Duty by Public Officials
Elected and appointed officials owe a duty of care to protect the welfare and safety of the people. The decision to approve toxic chemical use without sufficient medical, scientific, and democratic oversight constitutes a breach of that duty.

Count 8: Violation of the Freedom of Information Act (5 U.S.C. §552)
Defendants failed to release relevant documentation, including toxicological studies, agency communications, and public health assessments, despite public interest and requests, thereby depriving citizens of the right to transparency in governance.

Source: https://www.epa.gov/foia

Count 9: Failure to Consult Tribal Governments (Executive Order 13175)
Defendants bypassed required early and meaningful consultation with tribal governments whose lands and cultural resources are affected by shared waters, violating federal trust responsibilities and Executive Order 13175.

Source: https://www.federalregister.gov/documents/2000/11/09/00-29003/consultation-and-coordination-with-indian-tribal-governments

Count 10: Violation of the Endangered Species Act (16 U.S.C. §1531 et seq.)
Defendants failed to perform biological assessments or consult with the U.S. Fish & Wildlife Service regarding potential impacts to federally protected species and habitats endangered by aquatic herbicide exposure.

Source: https://www.fws.gov/library/collections/section-7-endangered-species-act-consultation

_____
Signature

Timothy Elgin

7/3/2025